UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JEREMY JERMAINE WILLIS,**

      **Petitioner,**

**v.**

                                   **Case No.: 5:20-cv-442-Oc-27PRL**
                              **Criminal Case No.: 5:19-cr-17-Oc-27PRL**

**UNITED STATES OF AMERICA,**

      **Respondent.**

_____/

## ORDER

**BEFORE THE COURT** are Petitioner Willis' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), his memorandum in support (cv Dkts. 2, 3), the United States' Response in Opposition (cv Dkt. 12), Willis' reply (cv Dkt. 13), and his Motion for Preliminary Injunction/Court Order (cv Dkt. 10). Upon review, Willis' § 2255 motion and motion for a preliminary injunction are **DENIED**.

## BACKGROUND

In 2019, Willis was indicted and charged with conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One), and possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts Two and Three). (cr Dkt. 1). He pleaded guilty to Count One pursuant to a written plea agreement, and Counts Two and Three were dismissed. (cr Dkts. 132, 341); (cr Dkt. 343 at 24).

1

The plea agreement's factual basis, as stipulated to by Willis, reflected that he conspired with others to "traffic[] in narcotics, particularly cocaine, heroin, and fentanyl." (cr Dkt. 132 at 20); (cr Dkt. 341 at 17-19). The "overt acts" section of the factual basis included that, on March 20, 2017, Florida Highway Patrol conducted a traffic stop on Willis as he was driving a stolen vehicle. (cr Dkt. 132 at 22). Troopers found marijuana, cocaine, and $28,599 in the vehicle. (Id.). Based on this conduct, Willis was charged with and pleaded *nolo contendere* to Florida crimes of trafficking in cocaine, grand theft, and possession of cannabis and drug paraphernalia, in Case No. 2017-CF-805. *See* (cr Dkt. 271 ¶ 73). Following his arrest, law enforcement executed search warrants on his and other residences and found controlled substances and firearms. (Id. ¶¶ 15-18).

During Willis' change of plea hearing in his federal case, he confirmed that he understood the charges against him, that no one threatened or coerced him to plead guilty, and that he was satisfied with counsel's representation. (cr Dkt. 341 at 7-10, 19-20). He further understood that he faced a mandatory minimum term of 10 years and a maximum of life imprisonment, and that by pleading guilty he was waiving certain rights, including the right to a jury trial and, subject to limited exceptions, to appeal.[1] (Id. at 6-11, 16-17). His guilty plea was accepted as knowingly and voluntarily entered, and he was adjudicated guilty. (Id. at 20-21); (cr Dkts. 140, 163).

---

[1] As provided in his plea agreement, Willis waived the right to appeal his sentence

> on any ground, including the ground that the Court erred in determining the applicable guidelines range . . . except (a) the ground that the sentence exceeds [his] applicable guidelines range *as determined by the Court* . . . ; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . . .

(cr Dkt. 132 at 14-15 (emphasis in original)).

2

Willis' PSR reflected a base offense level 38 due to the amount of heroin, fentanyl, and cocaine involved in the conspiracy. (cr Dkt. 271 ¶ 50). The PSR applied a three-level reduction for acceptance of responsibility and two-level offense enhancements for possession of a dangerous weapon and maintaining a premises for the purpose of distributing a controlled substance. (Id. ¶¶ 51-52, 59-60). The PSR noted that Willis' Florida convictions in 2017-CF-805 "occurred on March 20, 2017, and they are in direct relation to the instant federal offense." (Id. ¶ 73). No criminal history points were assessed for the convictions, and the underlying conduct did not affect his offense level. (Id. ¶¶ 50-61, 73). With an offense level 39 and criminal history category VI, his guidelines range was 360 months to life imprisonment. (Id. ¶¶ 61, 74-75, 113-114).

At sentencing, the United States' motion for a downward departure based on Willis' substantial assistance pursuant to USSG §5K1.1 was granted, resulting in a seven-level downward departure and a guidelines range of 210 to 262 months. (cr Dkt. 343 at 12); (cr Dkts. 283, 289). The parties agreed that because his state offenses were "related conduct" and "in direct relation" to the conspiracy charged in Count One, his sentence should run concurrently to his sentence in 2017-CF-805. (cr Dkt. 343 at 13, 18). After consideration of the § 3553(a) factors, he was sentenced to 240 months imprisonment to run concurrently to the state sentence "because that offense is part of this conspiracy," followed by five years of supervised release. (Id. at 19-22); (cr Dkts. 302, 306). Willis did not file an appeal.

In his § 2255 motion, Willis contends that counsel was ineffective in failing to argue that, under USSG §5G1.3(b), his sentence should have been adjusted based on time served on an undischarged sentence for a crime considered relevant conduct, specifically the state offenses in 2017-CF-805. (cv Dkts. 1, 2). He also appears to raise additional claims in his reply and seeks a

3

preliminary injunction requiring the prison law library to update its resources. (cv Dkts. 10, 13).

A preliminary injunction is unwarranted and, as the United States correctly contends, Willis'

claims are without merit. (cv Dkt. 12).[2]

## STANDARD

To establish ineffective assistance of counsel, Willis must demonstrate that (1) counsel's

performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly

deferential. . . . A fair assessment of attorney performance requires that every effort be made to

eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's

challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

The *Strickland* test also applies to challenges of guilty pleas. *See Scott v. United States*,

325 F. App'x 822, 824 (11th Cir. 2009). The Eleventh Circuit explains:

> In this context, the first prong of *Strickland* requires the defendant to show
> his plea was not voluntary because he received advice from counsel that
> was not within the range of competence demanded of attorneys in criminal
> cases. The second prong focuses on whether counsel's constitutionally
> ineffective performance affected the outcome of the plea process, meaning
> the defendant must show a reasonable probability that, but for counsel's
> errors, he would have entered a different plea.

*Id.* (internal quotation marks and citations omitted); *Lafler v. Cooper*, 566 U.S. 156 (2012).

Notably, "counsel owes a lesser duty to a client who pleads guilty than to one who decides

to go to trial," and "need only provide his client with an understanding of the law in relation to the

facts, so that the accused may make an informed and conscious choice between accepting the

---

[2] No evidentiary hearing is required because the § 2255 motion "and the files and records of the case conclusively show that [Willis] is entitled to no relief." 28 U.S.C. § 2255(b).

prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). Counsel must make an "independent examination of the facts, circumstances, pleadings and laws involved, [and] offer his informed opinion as to the best course to be followed in protecting the interests of his client." *Id.* Collateral relief is only available if a petitioner "prove[s] serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Lopez v. Reid*, No. 2:14-cv-584-FtM-38MRM, 2017 WL 2869405, at *2 (M.D. Fla. July 5, 2017) (quoting *McMann v. Richardson*, 397 U.S. 759, 774 (1970)).

## DISCUSSION

In summary, a preliminary injunction is unwarranted. Further, absent deficient performance and prejudice resulting from the claimed deficient performance, Willis' ineffective assistance of counsel claim fails. Last, any claims raised for the first time in his reply were not properly raised in his § 2255 motion and are without merit.

### *Preliminary Injunction*

In support of his request for a preliminary injunction, Willis asserts that he is "currently imprisoned in a state prison and the law library has no U.S. Supreme Court reporters, very limited actual Federal appendix books, additionally, the case law in the computers are not up to date, selectively omitting relevant case law (as a whole) and pertanent [sic] to my issue in the petition." (cv Dkt. 10 at 1-2). He contends that this "enables a monopoly on information which violates access to the courts and being able to adequately litigate and redress grievances with the government," and moves "for a injunction and or order directing Holmes C.I. of itself and or by and thru the Fla. Sec. Dept. Corr. to completely update their law library computers with all federal case law and any/all codes and or statutes so that [he] may be on fair even ground with all the

5

newest, complete, and relevant holdings, in order to meet the court deadline following the U.S. attorney's response." (Id. at 2). However, his contentions are without merit.

A preliminary injunction requires a movant to show: (1) a substantial likelihood of success on the merits; (2) that an injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the injunction would inflict on the nonmovant; and (4) that the injunction would serve the public interest. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Willis has not made the requisite showing.

First, Willis cannot show a substantial likelihood of success on the merits because he does not raise a meritorious claim in his § 2255 motion. Second, he does not explain why an injunction is necessary to prevent irreparable injury. Indeed, his memorandum in support of his § 2255 motion includes citations to recent, relevant caselaw. *See* (cv Dkt. 2). He does not specify the case law pertinent to the "issue in the petition" which was "selectively omit[ted]." (cv Dkt. 10 at 2). And notwithstanding the absence of a preliminary injunction, he was able to reply to the United States' response. (cv Dkt. 13).[3] In short, he has failed to show that a preliminary injunction is warranted.

---

[3] Prison authorities are required to provide prisoners with adequate law libraries or adequate assistance from persons trained in the law. *See Lewis v. Casey*, 518 U.S. 343, 346, 355-56 (1996). An inmate who shows that a desired actionable challenge was "lost or rejected . . . because th[e] capability of filing suit [w]as not . . . provided, . . . demonstrates that the State has failed to furnish adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 356 (internal quotation marks, citations, and emphasis omitted). However, while such a claim might provide a basis for § 2255's statute of limitations to begin on a later date, *see, e.g., Stephen v. United States*, 519 F. App'x 682, 683-84 (11th Cir. 2013), Willis cites no authority supporting the issuance of a preliminary injunction to assist him in filing a reply in a § 2255 proceeding. In any event, he has not shown that an actionable challenge was lost or rejected because of a failure to furnish an adequate law library or that he otherwise suffered an "actual injury." *See Juiffre v. Broward Sheriff's Off.*, 717 F. App'x 886, 888 (11th Cir. 2017).

6

*The Merits*

In his only ground for relief, Willis contends that counsel was ineffective in "not voic[ing] objections to the Court's failure to follow U.S.S.G. §5G1.3(b) and the Court imposed a 240 month term of imprisonment followed by a term of supervised release." (cv Dkt. 2 at 6); (cv Dkt. 1 at 4). He further contends that had counsel argued at sentencing that "while [Willis] was not eligible for credit for the state sentences from the Bureau of Prisons under Title 18 U.S.C. § 3585, the sentencing court should have adjusted [his] sentence under [§5G1.3(b)], there is a good possibility the sentencing court would have made the proper §5G1.3(b) adjustments to the 240 month term of imprisonment that it imposed . . . [f]or the time from March 20, 2017 to May 30, 2019."[4] (cv Dkt. 2 at 9-10). However, his contentions are without merit.

As the Eleventh Circuit has explained, §5G1.3

> requires the court to "adjust" a defendant's sentence when all four
> conditions it sets forth are satisfied: (1) the defendant has time spent in
> custody ("prior custody") other than for the convictions for which he is
> being sentenced; (2) that time served has been for relevant conduct that is
> accounted for by the sentence imposed for the federal crime of conviction
> under consideration at the sentencing; (3) the Bureau of Prisons will not
> itself credit the time spent in prior custody; and (4) the defendant has
> undischarged time remaining on his prior custody . . .

*See United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1331, 1337-38 (11th Cir. 2017).[5] Further, the prior offense must be "relevant to the instant offense and resulted in an increase in the offense

---

[4] Willis was arrested by state authorities on March 20, 2017 and transferred to federal custody on May 30, 2019. (cv Dkt. 2 at 4); (cr Dkts. 48, 54). He provides a purported "sentence monitoring computation data" report, which reflects that he received "jail credit" from March 20, 2017 through October 29, 2017. (cv Dkt. 13 at 13). The PSR reflects that he was adjudicated guilty of his state offenses on October 30, 2017. (cr Dkt. 271 ¶ 73).

[5] USSG §5G1.3(b) provides

level of the instant offense." *United States v. Knight*, 562 F.3d 1314, 1329 (11th Cir. 2009); *United States v. Chambers*, 805 F. App'x 978, 980-81 (11th Cir. 2020). In *Chambers*, for example, the Eleventh Circuit found that although "the district court potentially could have, under §1B1.3, considered [prior offenses] as relevant conduct, it did not do so," and the defendant's base offense level and enhancements stemmed "solely [from] conduct from [the offenses] that formed the basis of his federal charges." 805 F. App'x at 980-81. Accordingly, "[b]ecause the district court took neither [of the prior offenses] into account when calculating [the defendant's] offense level, that conduct was not 'relevant conduct' under U.S.S.G. §1B1.3 and §5G1.3(b)." *Id.*

Although Willis' PSR noted that his state convictions "are in direct relation to the instant federal offense" and he was sentenced to a concurrent term of imprisonment, his base offense level and enhancements were "based solely on conduct from [the offenses] that formed the basis of his federal charges." *Id.* at 981; (cr Dkt. 271 ¶ 73). Indeed, his base offense level was 38 due to the amount of drugs involved in the conspiracy charged in Count One.[6] (cr Dkt. 271 ¶ 50). And he

---

(b)   If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:

(1)   the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2)   the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

[6] The PSR noted that "[a]ccording to the government and the case agent, Willis was personally and directly responsible for the distribution of 500 kilograms of cocaine, 14.6 kilograms of heroin, and at least 400 grams of fentanyl between 2015 and March 20, 2017." (cr Dkt. 271 ¶ 45). Willis did not dispute this paragraph, and he does not assert or demonstrate that the cocaine at issue in the state offense was used in calculating his offense level. In any event, even excluding the 40.7 grams of cocaine involved in the state offense, the amount of converted drug weight involved in the conspiracy supported a base offense level 38. (Id. ¶¶ 14, 50); USSG §§2D1.1(c)(1); *see United States*

received enhancements based on conduct that occurred during the conspiracy, specifically his possession of a dangerous weapon and maintaining a premises for the distribution of a controlled substance. (Id. ¶¶ 51-52). As the PSR reflected, following the conduct involved in Willis' state offenses, law enforcement executed search warrants on his and other residences and found controlled substances and several firearms. (Id. ¶¶ 15-18). And he points to no indication on the record that the state offenses were considered in determining the guidelines range.[7]

---

*v. Carrasco-De-Jesus*, 589 F.3d 22, 27-28 (1st Cir. 2009) (finding that even if amount of loss in related case was used to compute the aggregate amount of loss, the loss did not increase the offense level because, excluding the amount, the aggregate exceeded the threshold for the offense level). Further, cannabis was not included in the converted drug weight, and on his conviction for possession of cannabis, Willis was sentenced to 225 days with credit for time served. (cr Dkt. 271 ¶¶ 50, 73). And it was his burden to prove that §5G1.3(b) applied. *See United States v. Zaldivar*, 615 F.3d 1346, 1352 (11th Cir. 2010); *see also United States v. Nania*, 724 F.3d 824, 833 (7th Cir. 2013) (collecting cases).

[7] In his reply, Willis raises several meritless contentions to support a finding that his state offenses were "used in determining [his] guideline range." *See* (cv Dkt. 13 at 2-5). First, he observes that he was assessed 3 criminal history points for a separate attempted murder offense, which was resolved with 2017-CF-805 by a "global plea." (cr Dkt. 271 ¶ 72). He reasons that he "therefore was in fact given 3 criminal history points for paragraph 73." (cv Dkt. 13 at 2). However, he was not assessed criminal history points for 2017-CF-805, and in any event, an "increase in the criminal history category is not a basis for triggering a § 5G1.3(b) adjustment." *See United States v. Lino*, 493 F.3d 41, 45 (1st Cir. 2007). Second, he contends that the March 20, 2017 arrest "help[ed] form a basis for his federal charges" and led to search warrants that resulted in his offense enhancements. (cv Dkt. 13 at 2-3). Notwithstanding, the arrest did not increase his offense level. *See Lino*, 493 F.3d at 44 (noting that §5G1.3(b) "is not triggered by the mere fact that the federal conspiracy charged encompassed a time period during which the state offense occurred" (internal quotation marks, citations, and brackets omitted)); *United States v. Wright*, 611 F. App'x 558, 564 (11th Cir. 2015) ("[The defendant's] firearm conviction was not relevant conduct because it has no connection to the commission of the bank-fraud conspiracy, despite the fact that the firearm that provides the basis for that conviction was found in her apartment during a search related to the instant offense."); *United States v. Johnson*, 87 F.3d 1257, 1259-60 (11th Cir. 1996) (rejecting argument that conduct charged as "overt act" of conspiracy is necessarily relevant conduct under §1B1.3).

He also observes that he received a concurrent term of imprisonment "because that offense is part of this conspiracy," and that a codefendant's sentence was adjusted under USSG §5G1.3(b) to account for time served on a related state offense. (cv Dkt. 13 at 4-6); (cr Dkt. 343 at 22). However, he cites no authority in support of the proposition that the imposition of a concurrent term of imprisonment requires a §5G1.3(b) adjustment, or that an adjustment as to a codefendant requires an adjustment as to each defendant. In any event, that codefendant's state offenses related to trafficking in fentanyl, possession of a place for trafficking a controlled substance, and possession of a firearm, and he was assessed a base offense level predicated on the weight of fentanyl involved and enhancements for possession of a dangerous weapon and maintaining a premises for the purpose of distributing a controlled substance. (cr Dkt. 290 at 2); (cr Dkt. 269 ¶¶ 49-51, 75).

In summary, because Willis' state offenses did not affect his offense level, the conduct was not "relevant conduct" under USSG §1B1.3 and §5G1.3(b). Accordingly, there was no basis for counsel to move for an adjustment under §5G1.3(b), and counsel is not ineffective in failing to raise an argument that has no legal basis. *See Freeman v. Att'y Gen., State of Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008). Absent deficient performance and prejudice resulting from deficient performance, this ineffective assistance of counsel claim fails.[8]

***Claims Raised in Willis' Reply***

In his reply, Willis raises contentions unrelated to his ineffective assistance of counsel claim. These contentions were not properly raised in his § 2255 motion, and he did not seek leave to amend the motion. Accordingly, to the extent he seeks to raise new claims, they are barred. *See Oliveiri v. United States*, 717 F. App'x 966, 967 (11th Cir. 2018) ("Although [*Clisby v. Jones*, 960

---

[8] The United States contends that Willis is unable to establish prejudice "because he provides no evidence that he was not credited the term of his undischarged term of imprisonment by the Bureau of Prisons, or that the Court made any findings to that effect." (cv Dkt. 12 at 12). However, accepting Willis' allegations as true, he is unable to establish prejudice resulting from the claimed deficient performance because, even if counsel moved for an adjustment under §5G1.3(b), the adjustment was unwarranted.

In his reply, Willis observes that, on his prior request for credit for time served, this Court found that it was

> without authority to award credit for time served in state custody. Under 18 U.S.C. § 3585(b), Willis is entitled to credit for time served in state custody for the same offense conduct. He was arrested by state authorities on March 20, 2017 for conduct directly related to his federal charges. And his federal sentence is to run concurrent with his state sentence. Accordingly, although this court is without authority to award credit for the time he served in state custody, it is recommended that the Bureau of Prisons award him credit for time served since March 20, 2017.

(cv Dkt. 13 at 6-7, 11). He further asserts that he wrote to the Bureau of Prisons' "sentence computation department," but there has not been a change to the calculation of his sentence. (Id. at 7). However, absent a showing that a defendant has exhausted administrative remedies, district courts lack authority to credit time served in state custody under 18 U.S.C. § 3585(b). *See United States v. Alexander*, 609 F.3d 1250, 1259-60 (11th Cir. 2010). And the claim is not cognizable in a § 2255 proceeding. *See United States v. Rainey*, 537 F. App'x 836, 838 (11th Cir. 2013).

F.2d 925 (11th Cir. 1992)] requires a district court to resolve every claim properly presented in a § 2255 motion, it does not require the court to address a claim that a movant waives by failing to raise it until his reply brief."). To the extent his reply is construed as a request for leave to amend his § 2255 motion, granting leave would be futile because the claims are without merit.[9] *See id.*

Willis contends that counsel "wasn't abreast of certain aspects of federal law and failed to do the necessary research in order to educate himself so he could advise (counsel) [Willis] properly." (cv Dkt. 13 at 5). Specifically, he explains that "[d]uring [his] initial meeting with attorney, [he] was advised that if he had more than (1) prior drug conviction in which attorney stated that [he] had several, that U.S. Attorney could file (2) 851 enhancements if he so chose and [he] would receive mandatory life sentence." (Id.). In support, he provides a copy of his Indictment on which he asserts counsel wrote "10 - life," "20 – life - if 1 prior" and "life – if 2 priors." (Id. at 5, 10); *see also* (cr Dkt. 323 at 67-68, 87 (testifying that he believed he faced a mandatory term of life imprisonment)). Contrary to counsel's purported statements, Willis would not have been subject to a mandatory term of life imprisonment.[10] Notwithstanding, Willis' contentions do not entitle him to relief.

---

[9] The claims also appear untimely. *See Oliveiri*, 717 F. App'x at 967-68 (finding leave to amend would have been futile because claims were untimely). Willis' reply was filed on March 18, 2021, more than one year after his judgment of conviction became final. *See* (cv Dkt. 13 at 9); (cr Dkts. 302, 306); *see Akins v. United States*, 204 F.3d. 1086, 1089 n.1 (11th Cir. 2000) (noting that judgment becomes final when time to file an appeal has passed); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (noting that a *pro se* prisoner's pleading is deemed filed on the date the prisoner delivers the pleading to prison authorities for mailing). And because the claims raised in the reply do not arise from the same set of facts as Willis' original claims, they do not "relate back" to the original claims. *See Davenport v. United States*, 217 F.3d 1341, 1345-46 (11th Cir. 2000). He does not contend that the limitation period began on a later date under § 2255(f), or provide any basis to toll or circumvent the limitation period.

[10] Following the First Step Act, the commission of a § 841 offense when the defendant has two prior convictions for felony drug offenses does not trigger a mandatory term of life imprisonment. *See United States v. Means*, 787 F. App'x 999, 1001 (11th Cir. 2019). Willis was indicted and sentenced after the First Step Act became effective.

First, Willis does not specify the basis of his claim for relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (finding that conclusory, unsupported claims are insufficient). To the extent he contends that counsel was ineffective, he cites no authority finding an attorney's performance deficient in incorrectly advising a defendant that, absent a plea agreement to prevent the filing of a § 851 notice, he faced a mandatory term of life imprisonment. And even if counsel did render deficient performance, Willis does not allege or demonstrate that, had he known he did not face a mandatory term of life imprisonment, he would have decided not to plead guilty. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1219-20 (11th Cir. 2014). Indeed, Count One's maximum sentence was life imprisonment and, had the United States filed a § 851 notice, he would have faced a substantial mandatory minimum sentence. Further, his plea agreement required the United States to dismiss Counts Two and Three, not bring additional charges, and consider Willis' cooperation in recommending a downward departure or the imposition of a sentence below the statutory minimum.[11] (cr Dkt. 132 at 1-2, 4-5).

Similarly, to the extent Willis challenges the validity of his guilty plea, the record, specifically his change of plea hearing, reflects that he entered his guilty plea knowingly and voluntarily.[12] His guilty plea was accepted as knowingly and voluntarily entered, and he did not

---

[11] At sentencing, Willis received a three-level reduction for acceptance of responsibility and a seven-level downward departure based on substantial assistance. (cr Dkt. 271 ¶¶ 59-61); (cr Dkt. 343 at 12); (cr Dkt. 289).

[12] Rule 11, Fed. R. Crim. P., "imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea" by addressing three core concerns: (1) the guilty plea must be free of coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. *United States v. Gandy*, 710 F.3d 1234, 1240 (11th Cir. 2013) (citations omitted). Willis' plea colloquy satisfied Rule 11. Indeed, "[t]here is a strong presumption that statements made during the plea colloquy are true," and Willis "bears a heavy burden to show that his statements under oath were false." *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007). He confirmed that he understood the charges against him, that no one threatened or coerced him to plead guilty, and that he was

object to the Magistrate Judge's report and recommendation concerning his guilty plea. *See* (cr Dkts. 140, 163); *United States v. Barefoot*, 342 F. App'x 480, 484 (11th Cir. 2009) (finding challenge to guilty plea waived by failure to object to report and recommendation). In summary, the claims are without merit, and Willis is not entitled to relief.

### Certificate of Appealability ("COA")

A COA may issue on "a substantial showing of the denial of a constitutional right," which requires Willis to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citations omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (discussing standard for procedural rulings). I find that jurists of reason could not disagree with the resolution of Willis' constitutional claims or the procedural rulings, or conclude that the issues presented are adequate to deserve encouragement to proceed further. Because he has not met the required standard, he is not entitled to a COA and cannot appeal *in forma pauperis*.

---

satisfied with counsel's representation. (cr Dkt. 341 at 7-10, 19-20). He further understood that he faced a mandatory minimum term of 10 years and a maximum of life imprisonment, and that by pleading guilty he was waiving certain rights, including the right to a jury trial and, subject to limited exceptions, to appeal. (Id. at 6-11, 16-17).

## CONCLUSION

Accordingly, Petitioner Willis' § 2255 motion and motion for a preliminary injunction are **DENIED**. (cv Dkts. 1, 10). The Clerk is directed to enter judgment in the United States' favor and against Willis, and to **CLOSE** this case.

**DONE AND ORDERED** this _27th_ day of April, 2021.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record

14